**LAW OFFICE OF DOMINIC RIZZI P.L.L.C.**
Dominic Rizzi Esq.
State Bar No. 033309
100 N Stone #601
Tucson, Arizona 85701
(520) 591-7919
rizzilawaz@gmail.com
Attorney for Abraham Keech

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00394-PHX-SPL-1 |
| Plaintiff, | **MOTION TO WITHDRAW AS COUNSEL (DOCKET NUMBER 160)** |
| vs. | |
| Abraham Chol Keech, | |
| Defendant. | |

Attorneys Dominic Rizzi and Richard Bock, counsel of record for Defendant Abraham Keech (currently in custody at CCA Florence, 1155 N Pinal Pkwy Ave, Florence, AZ 85132; (520) 868-3668), respectfully move this Court for leave to withdraw as counsel pursuant to Rule 83.3(b) of the Local Rules of Civil Procedure for the District of Arizona, and Rule 1.16(b) of the American Bar Association's Model Rules of Professional Conduct. In support thereof, the attorneys state as follows:

**FACTS**:

Mr. Bock and Mr. Rizzi are defense attorneys whose practices are located in Tucson, Arizona (Pima County).

1    On June 25, 2024, Mr. Keech's family member (cousin) hired attorneys Richard Bock and Dominic Rizzi at Mr. Keech's request for pretrial representation under the instant case. As part of that fee agreement, the parties agreed that Mr. Keech would owe an additional fee should he request continued representation at a trial. Additionally, because Mr. Bock and Mr. Rizzi would incur lodging expenses to stay in Maricopa County during the trial, the parties agreed that Mr. Keech would also be responsible for any lodging expenses should the matter proceed to trial. Mr. Keech agreed to all the written terms of the fee agreement his cousin signed.

Trial is currently scheduled to begin on September 23, 2025. Trial is anticipated to last approximately five (5) weeks in Maricopa County.

As of the filing of this motion, Mr. Keech has not satisfied any of the attorney's fees required for continued representation at trial. Moreover, Mr. Keech has not contributed to the attorneys' trust accounts any lodging expenses for the attorneys to stay in Maricopa County for trial. The attorneys have repeatedly given Mr. Keech and his family advanced notice that the attorneys would be withdrawing unless these contractual obligations were fulfilled. Specifically, in early 2025, the attorneys told Mr. Keech and his family that the attorneys fees for trial and lodging expenses would be due in May of 2025. In April of 2025, when it appeared that Mr. Keech would not satisfy his contractual obligations by May, the attorneys gave Mr. Keech and his family a later due date of July 30, 2025 to satisfy the attorneys fees and lodging expenses. As part of that warning, the attorneys informed Mr. Keech and his family that the attorneys would have to withdraw

1  as an undue financial hardship should they not satisfy the fee and lodging expenses by
2  July 30, 2025.

3  Mr. Keech failed to satisfy the attorney's fees for trial representation and failed to
4  contribute lodging expenses to the attorney's trust account on July 30th. Despite the
5  failure to satisfy these contractual obligations, the attorneys agreed to extend the due date
6  for Mr. Keech's financial obligations to August 23, 2025, one month before the start of
7  trial. In speaking to Mr. Keech and his family members the week of August 15th – August
8  21st, it was made clear to the attorneys that Mr. Keech will not satisfy any of his
9  contractual obligations prior to trial.

10 **ETHICAL RULES**:

11 According to the American Bar Association's Model Rules of Professional
12 Conduct Rule 1.16(b)(5)&(6) (adopted in Arizona as ER 1.16(b)(5) and (6)), "Except as
13 stated in paragraph (c), a lawyer may withdraw from representing a client if: … (5) the
14 client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's
15 services and has been given reasonable warning that the lawyer will withdraw unless the
16 obligation is fulfilled; (6) the representation will result in an unreasonable financial
17 burden on the lawyer or has been rendered unreasonably difficult by the client…"

18 In the instant case, the attorneys have given Mr. Keech and his family notice of the
19 requirement to satisfy additional attorney's fees and lodging expenses for trial dating
20 back to the outset of the professional representation. Moreover, the attorneys have given
21 Mr. Keech and his family continuous reminders that the financial obligations would be
22 due the summer prior to trial. Specifically, in early 2025, the attorneys requested that Mr.

Keech satisfy the financial obligations by May of 2025. Then the attorneys agreed to extend that due date to July 30, 2025. When Mr. Keech failed to satisfy the attorney's fees and lodging expenses in July, the attorneys agreed to extend the due date of the financial obligations to August 23, 2025, one month before trial. With each warning, the attorneys informed Mr. Keech and his family that they would need to withdraw should Mr. Keech fail to satisfy these financial obligations due to the undue financial hardship the attorneys would face if required to stay in Maricopa County for five (5) weeks during trial.

Considering the heavy financial burden the attorneys will incur if required to proceed to trial without attorney's fees and lodging expenses, undersigned counsel cannot afford to continue representing Mr. Keech. Specifically, it is estimated that the attorneys will incur approximately $15,000.00 in lodging expenses for the five (5) weeks required to stay in Maricopa County. This rough figure is calculated by considering approximately $200.00 per day in hotel costs per attorney, and $100.00 per day in food expenses per attorney for five days a week, for five weeks. During the five-week trial period, Mr. Bock's and Mr. Rizzi's practices will also be severely limited to only seeing new clients on Mondays (given the trial calendar). As a result, this will have a significant impact on the attorneys' ability to generate new income and /or meet their monthly office expenses. As a result, no attorney's fees, limited new business, and an estimated $15,000.00 in expenses out of the attorneys' own pockets would serve as an unreasonable financial burden that, if incurred, will result in serious financial hardship for both attorneys.

Undersigned counsel submits that they have complied with Model Rule of Professional Conduct Rule 1.16(b)(5) by giving Mr. Keech and his family continuous, adequate, and reasonable warnings that the attorneys would have a need to withdraw should Mr. Keech fail to satisfy the agreed upon financial obligations. Despite all these warnings, the client has failed to fulfill the necessary obligations regarding the attorneys' services. Similarly, undersigned counsel submits that they have established an unreasonable financial burden if forced to continue representing Mr. Keech. Withdrawal is also consistent with LRCiv 83.2(e), which proscribes that the Rules of Professional Conduct shall apply to attorneys admitted or otherwise authorized to practice before the United States District Court of Arizona.

**CONSLUSION**:

For the foregoing reasons, undersigned counsel, Dominic Rizzi and Richard Bock, respectfully request that this Court approve a withdrawal. Secondly, undersigned counsel respectfully request that the Court appoint the Office of the Federal Public Defender to represent Defendant going forward.

Undersigned counsel respectfully requests to be heard on this motion during the August 25, 2025 Status Cnference.

Respectfully submitted this 21st day of August, 2025.

| LAW OFFICE OF RICHARD BOCK | LAW OFFICE OF DOMINIC RIZZI |
|---|---|
| By: */s/ Richard Bock*_____<br>Richard Bock<br>Attorney for Defendant Keech | By: */s/ Dominic Rizzi*_____<br>Dominic James Rizzi<br>Attorney for Defendant Keech |

I hereby certify that on the 21st day of August 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Steven P. Logan
United States District Judge

Amy Chang
United States Attorney's Office

M. Bridget Minder
United States Attorney's Office

Raymond Woo
United States Attorney's Office

Kurt M. Altman
Attorney for Peter Ajak

Daniel Koffmann
Attorney for Nonparty John Doe

By: */s/ Dominic Rizzi*


By: */s/ Richard Bock*

## CERTIFICATE OF COMPLIANCE

Pursuant to LRCiv 83.3(b)(2), I certify that attorneys Richard Bock and Dominic Rizzi will provide Mr. Keech a copy of this motion on August 24, 2025 along with a written notice containing the status of the case, including the dates and times of any court hearings and trial settings, and pending court orders and the possibility of any sanctions.

| | |
|---|---|
| LAW OFFICE OF RICHARD BOCK | LAW OFFICE OF DOMINIC RIZZI |
| By: */s/ Richard Bock* <br> Richard Bock <br> Attorney for Appellant | By: */s/ Dominic Rizz* <br> Dominic James Rizzi <br> Attorney for Appellant |